UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CARLETTA ELAINE ECKWOOD,     )
                             )
          PLAINTIFF,         )
                             )
vs.                          )  CASE NO. 16-CV-434-FHM
                             )
NANCY A. BERRYHILL, Acting   )
Commissioner of the Social Security )
Administration,              )
                             )
          DEFENDANT.         )

## OPINION AND ORDER

Plaintiff, CARLETTA ELAINE ECKWOOD, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Carletta Elaine Eckwood's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Deborah L. Rose was held on August 18, 2014. By decision dated February 26, 2015, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 5, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 42 years old on the alleged date of onset of disability and 45 on the date of the denial decision. Plaintiff has an 11th grade education and her past work experience includes fast-food worker, laundry worker, and hair stylist. Plaintiff claims to have become disabled as of January 10, 2012[2] due to knee problems, back injury, arthritis, osteoporosis, diabetes, high blood pressure, and bipolar disorder. [R. 58, 169]. Q1

## **The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to lumbar spine degenerative disc disease; osteoarthritis of the knees; major depressive disorder; generalized anxiety disorder; and learning disorder. [R. 14]. The ALJ determined that Plaintiff has the residual functional capacity to perform a reduced range of light work in that

---

[2] Plaintiff amended her onset date from February 1, 2007 to January 10, 2012. [R. 12, 40].

2

she can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 4 hours out of an 8-hour workday; sit for 6 hours out of an 8-hour workday; occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds. Plaintiff is limited to simple tasks and can have superficial and incidental work-related interaction with coworkers, supervisors, and the public. [R. 16]. The ALJ determined that Plaintiff is unable to perform any past relevant work, but found based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 25, 26]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to give proper weight to the expert medical opinions of a treating orthopedic specialist and a treating mental health counselor. [Dkt. 19, p. 4].

## Analysis

### Treating Physician's Opinion

Plaintiff argues that the ALJ did not give proper weight to the opinion of treating orthopedic specialist, Dr. Jean Bernard, M.D. A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling

weight.  When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision.  An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."  *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003).  If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  See § 404.1527(d)(2)-(6).

Plaintiff was treated by Dr. Jean Bernard, M.D. from January 24, 2011 to April 15, 2015.  [R. 848-885, 1262-1267, 1417-1427, 1431-1433, 1969-2002, 2155-2209, 2424-2434].  Dr. Bernard completed a *Medical Source Statement - Physical* (MSS-P) on July 9, 2014.  The MSS-P form limits Plaintiff to lift/carry less than 10 pounds occasionally; stand/walk less than 2 hours in an 8-hour workday; sit less than 2 hours in an 8-hour workday; must periodically alternate sitting and standing; limited pushing/pulling with upper and lower extremities; occasionally balance/stoop; no climbing, crouching, or crawling; less than occasional reaching, handling, fingering, or feeling; and avoid concentrated exposure to extreme cold, heat, wetness, humidity, noise, vibrations, fumes, and hazards.  Dr. Bernard also states that Plaintiff suffered from chronic back pain for many years; surgery

4

was not an option; and she had undergone monthly epidural steroid injections. [R. 1431-1433]. The ALJ gave little weight to the opinion of Dr. Bernard noting that the limitations seem to be greatly exaggerated. [R. 22-23]. The ALJ determined Dr. Bernard's postural and manipulative limitations were unsupported by his own treatment records because his treatment of Plaintiff did not include upper back, neck, shoulder, or arm impairments that would result in postural or manipulative limitations for the upper extremities. [R. 21, 23].

The ALJ discussed Dr. Bernard's treatment records including Toradol injections for Plaintiff's subjective complaints of pain. The ALJ also noted that physical examinations consistently revealed normal sensory and motor examinations with muscle strength grossly 5/5 on all extremities, negative Spurling test, and no tremor or cogwheel sign. [R. 1040, 1078-79, 1086, 1094, 1126, 1136, 1158, 1180, 1185, 1241]. Five lumbar MRI's were performed from 2011 through 2014 which reveal mostly mild degenerative changes of the lumbar spine with no spinal canal stenosis or foraminal stenosis at any level. [R. 879, 885, 1123, 2001, 2415]. Moreover, orthopedic surgeon, Richard Drake, D.O., who treated Plaintiff in conjunction with Dr. Bernard, recommended Plaintiff continue with pain management therapy as he did not find any indication for surgical intervention. [R. 20, 2160].

Plaintiff does not point to, and the court does not find, anything in Dr. Bernard's medical records to support the extremely limited physical RFC. The ALJ's summary of Dr. Bernard's records was accurate and the specific and legitimate reasons the ALJ gave for discounting Dr. Bernard's opinion is clear and supported by the record. The court finds no error in the ALJ's treatment of Dr. Bernard's opinion or in the ALJ's evaluation of the physical RFC by Dr. Bernard.

5

Deborah Hunter, B.H.R.S.

Plaintiff argues that the ALJ failed to properly evaluate the opinion of Plaintiff's counselor, Deborah Hunter, B.H.R.S. [Dkt. 19, p. 4]. On July 11, 2012, Ms. Hunter completed a *Medical Source Statement - Mental* opining that Plaintiff had mild limitations in her ability to understand, remember, and carry out simple instructions; moderate limitations in her ability to make judgments on simple work-related decisions; to interact appropriately with the public, supervisors, and coworkers; and to respond appropriately to usual work situations and changes in a routine work setting. Plaintiff also had marked limitations in ability to complete a normal work day/week without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods. [R. 1429-30].

In giving little weight to Ms. Hunter's opinion, the ALJ determined that she was not an "acceptable medical source" within the meaning of the regulations. [R. 24]. The Social Security regulations distinguish between "medical sources" and "other sources." 20 C.F.R. §§ 404.1527, 416.927. *SSR* 06-3p acknowledges information from "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function, therefore "other sources" must be evaluated. *SSR 06-3p lists* the following factors as ones to be considered in weighing opinions from those who are not defined in the regulations as "acceptable medical sources": how long the source has known and how frequently the source has seen the individual; consistency of the opinion with other

evidence; the degree to which the source presents relevant evidence to support an opinion; how well the opinion is explained; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factors that tend to support or refute the opinion. SSR 06-03p, 2006 WL 2329939 at *4-5. The Ruling instructs that not every factor for weighing an opinion will apply in every case. Rather, the evaluation of an opinion will depend on the particular facts of the case and the case must be adjudicated on its merits based on a consideration of the probative value of the opinions and weighing of all the evidence in the case. *Id.* at *5.

Ms. Hunter's statement was not entitled to consideration as a "medical opinion" under the regulations, but could be considered to show the severity of Plaintiff's impairments and how they affected her ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ noted that Ms. Hunter's progress notes show that Plaintiff reported she had a good memory and the ability to make appropriate decisions; her mood was euthymic; affect congruent; no homicidal/suicidal ideation; no psychosis; alert and oriented; well groomed, and adequate concentration/attention. [R. 22, 24]. Clearly, the ALJ considered Ms. Hunter's opinion but determined that the progress notes do not support her opinion. [R. 24, 1282, 1288 , 1289, 1292, 1293, 1295, 1301, 1303, 1305-1308]. The court finds no error in the ALJ's evaluation of Ms. Hunter's opinion.

New Medical Evidence

The ALJ gave great weight to the opinions of the non-examining state agency medical consultants at the initial and reconsideration level which are consistent with the ALJ's RFC determination. [R. 23]. Plaintiff argues that the non-examining consultants did not have access to Exhibits 8F through 29F[3], [R. 1273 - 2453], consisting of 1,181 pages, thus the limited and dated nature of the records they reviewed should make their opinions less probative. [Dkt. 19, p. 9]. However, the denial decision contains an extensive and thorough summary of Dr. Bernard's medical records as well as the records of Ms. Hunter. [R. 20-23]. There is nothing in the later medical records cited by Plaintiff that provide support for the disabling limitations found by Dr. Bernard and Ms. Hunter and Plaintiff has not shown any material change in the relevant medical record which would render the opinions of the state agency psychologists stale. See *Chapo v. Astrue*, 682 F.3d 1285, 1293 (10th Cir. 2012) (opinion of agency examining consultant was "patently stale" when the relevant medical record had "material changes" after his opinion was given). Thus, the opinions of the state agency consultants were substantial evidence upon which the ALJ was entitled to rely.

## **CONCLUSION**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the

---

[3] Exhibit 13F, [R. 1434 - 1968], consisting of 534 pages, are treatment records from Hillcrest Medical Center dated May 16, 2013 through July 8, 2014. These records do not contain any treatment notes pertaining to Plaintiff's mental health or lumbar spine impairments.

decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 7th day of June, 2017.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE